**CT Corporation**

**Service of Process Transmittal**
03/16/2021
CT Log Number 539213275

**TO:** Laura Aznavoorian, Litigation Supervisor
Gallagher Bassett Services, Inc.
1901 S. Meyers Rd, Suite 200C
Oakbrook Terrace, IL 60181

**RE:** **Process Served in Florida**

**FOR:** Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRITTNEY SCOTT, Pltf. vs. COSTCO WHOLESALE CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 21005332CA0125 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/16/2021 at 12:40 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/16/2021, Expected Purge Date: 03/31/2021<br><br>Image SOP<br><br>Email Notification,  Laura Aznavoorian  laura_aznavoorian@gbtpa.com<br><br>Email Notification,  Zois Johnston  zjohnston@costco.com<br><br>Email Notification,  Maureen Papier  maureen_papier@gbtpa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information included in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Exhibit A



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Tue, Mar 16, 2021

**Server Name:**                   Susan Pineiro

| | |
|---|---|
| Entity Served | COSTCO WHOLESALE CORPORATION |
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 21-005332 CA01 |
| Jurisdiction | FL |



Filing # 122614029 E-Filed 03/05/2021 04:33:13 PM

**BRITTNEY SCOTT,**

    Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION,**

    Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 21-005332 CA 01 (25)

3/16/2021
SOP
1065
10⁵⁰ AM

# SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the Said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
Registered Agent: JOHN SULLIVAN
999 LAKE DR.
ISSAQUAH, WA, 98027-8990

    Each defendant is required to serve written defenses to the Complaint or Petition on Michael J. Lariosa, Esquire of the FENSTERSHEIB LAW GROUP, P.A., at 520 West Hallandale Beach Blvd., Hallandale, Florida, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the Defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and the Seal of this Court.    3/10/2021

As clerk of Said Court:

BY: _____

1

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ceuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judicares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pur vous proteger. Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 122509711 E-Filed 03/04/2021 02:05:54 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**BRITTNEY SCOTT**,                                          CASE NO:

       Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION,**

       Defendant.

_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, **BRITTNEY SCOTT**, by and through the undersigned counsel, sues the Defendant, **COSTCO WHOLESALE CORPORATION** ("Costco"), and alleges as follows:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1.    This is an action in excess of THIRTY THOUSAND DOLLARS ($30,000.00) and within the jurisdiction of this Court.

2.    At all times material hereto, upon information and belief, the Plaintiff, **BRITTNEY SCOTT**, was a resident of Miami-Dade County, Florida, and is *sui juris*.

3.    That all times material hereto, upon information and belief, the Defendant, **COSTCO WHOLESALE CORPORATION**, was and still is a Foreign Profit Corporation authorized and doing business in the State of Florida, that:

    a.  owned a retail store located at 14585 Biscayne Blvd, North Miami, FL 33181;

    b.  maintained a retail store located at 14585 Biscayne Blvd, North Miami, FL 33181;

    c.  managed a retail store located at 14585 Biscayne Blvd, North Miami, FL 33181;

d.   possessed a retail store located at 14585 Biscayne Blvd, North Miami, FL 33181; and/or

e.   exercised control over a retail located at 14585 Biscayne Blvd, North Miami, FL 33181;

4.      It should be noted that the above-referenced address is also known as 14800 Sole Mia Way, North Miami, FL 33181.

5.      Venue is proper in Miami-Dade County, Florida because the incident which is the subject of this Complaint occurred in Miami-Dade County, Florida.

6.      That on or about March 28, 2017, the Plaintiff **BRITTNEY SCOTT**, was a business invitee present at Costco.

7.      While present at Costco, Plaintiff slipped and fell.

8.      That the cause of Plaintiff's slip and fall was water that was negligently allowed to remain on the floor.

9.      That the water was on the floor as a result of Costco using cleaning machines to clean the immediate area.

10.     That Costco did not place any warnings near the wet area.

11.     That Costco had actual notice of the condition, as it caused the condition.

12.     That as a result of her fall, Plaintiff sustained severe and permanent bodily injuries.

## COUNT I - NEGLIGENCE AGAINST COSTCO WHOLESALE CORPORATION

13.     The Plaintiff, **BRITTNEY SCOTT**, adopts and re-alleges paragraphs 1–12, as if they were reproduced herein, and further alleges:

14.     That at the time the Plaintiff was injured, Defendant, **COSTCO WHOLESALE CORPORATION**, owed the Plaintiff a legal duty of reasonable care in maintaining the premises

2

in a reasonably safe condition, free from transitory foreign object or substances that might foreseeably give rise to injury or damage to the Plaintiff.

15.     Moreover, Defendant, **COSTCO WHOLESALE CORPORATION**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the Defendant's premises.

16.     Furthermore, Defendant owed Plaintiff a duty of reasonable care to act as a reasonably prudent person as to not cause harm or damage to those individuals within the foreseeable zone of risk.

17.     Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff **BRITTNEY SCOTT** by the following:

   a.   Cleaning the floors with liquid during operating hours;

   b.   Placing liquid on the floor via a cleaning machine;

   c.   Allowing liquid to remain on the floor from the cleaning machine;

   d.   Failing to place any type of warning in the vicinity of the liquid on the floor;

   e.   Failing to properly train its employees/agents in safe cleaning procedures;

   f.   Failing to implement policies or procedures that would prevent liquid from being on the ground;

   g.   Failing to clean the liquid from the floor;


18.     That as a direct and proximate result of the negligence of Defendant, **COSTCO WHOLESALE CORPORATION**, the Plaintiff, **BRITTNEY SCOTT**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered

loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE, the Plaintiff, **BRITTNEY SCOTT**, prays for entry of a judgment against the Defendant, **COSTCO WHOLESALE CORPORATION**, in an amount in excess of Thirty Thousand ($30,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

**FENSTERSHEIB LAW GROUP, P.A.**
*Counsel for Plaintiff*
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:  (954) 867-1844

**/s/ Michael J. Lariosa**
Michael J. Lariosa, Esq.
Florida Bar No: 98644
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: MJL@fenstersheib.com
Secondary: MJL-pleadings@fenstersheib.com

4

Filing # 122509711 E-Filed 03/04/2021 02:05:54 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR   MIAMI-DADE   COUNTY,
FLORIDA

**BRITTNEY SCOTT,**

CASE NO:

     Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION,**

     Defendant.

_____/

## INTERROGATORIES TO DEFENDANT COSTCO WHOLESALE CORPORATION

     **COMES NOW** the Plaintiff, **BRITTNEY SCOTT,** by and through their undersigned

counsel, and hereby propounds the attached interrogatories to the Defendant, **COSTCO**

**WHOLESALE CORPORATION,** requesting said Defendant to answer same under oath, in

writing, within the time and manner prescribed by the Florida Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along

with the Summons and complaint on the Defendant.

**FENSTERSHEIB LAW GROUP, P.A.**
*Counsel for Plaintiff*
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:  (954) 867-1844

**/s/ Michael J. Lariosa**
Michael J. Lariosa, Esq.
Florida Bar No: 98644
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: MJL@fenstersheib.com
Secondary: MJL-pleadings@fenstersheib.com

3

## INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE CORPORATION

## DEFINITIONS

(a) The word "you," "yours" and/or "yourselves" mean Defendant **COSTCO WHOLESALE CORPORATION** and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Defendant, **COSTCO WHOLESALE CORPORATION**.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitations."

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape records.

(e) "Agent" shall mean: any agent, employee, officer, directory, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i) The term "action" shall mean the case entitled **BRITTNEY SCOTT v. COSTCO WHOLESALE CORPORATION**, pending in this Court.

(j) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, include (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## **INSTRUCTIONS**

If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Fla. R. Civ. P. 1.280(b)(5), unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (e.g. letter or memorandum) and, if electronically stored information, the software application used to create it (e.g. MS Word or MS Excel Spreadsheet), and the custodian, located, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addreseee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information or oral communication.

1.    What is your name, address and if you are answering for someone else, your official position?

2.    Describe any and all policies of insurance which you contend cover or may cover or provide a defense to you for the allegations set forth in Plaintiff's Complaint or inure to the benefit of Plaintiff (for example medical payments), detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability and other applicable coverage, the name and address of the custodian of the policy, and any policy defenses known or asserted.

3.    Describe in detail how the incident described in the Complaint happened, including all actions taken by you, your agents or employees to prevent the incident.   This specifically includes but is not limited to a concise statement of the facts as to how you contend the Plaintiff's accident took place, including why you think the Plaintiff fell.

4.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5.    State the facts upon which you rely for each affirmative defense in your answer. If you contend that the Plaintiff was wearing inappropriate footwear, protective gear or similar clothing, please state the legal basis for your assertion and identify both the facts to support your assertion and all other appropriate clothing.

6.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity for your contention.

7.    List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and

specify the subject matter about which of the witnesses has knowledge. For each, please also state their job description or relationship to you, if any.

8.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9.     State the name and address of every person known to you, your agents, or attorney who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was take or prepared.

10.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness, the name and business address of the witnesses, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion.

11.     Have you made an agreement with anyone that would limit a party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

12.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit, arbitration, or administrative proceeding involving personal injuries or involving a matter related to a source of transient foreign substances or objects on your premises other than the present matter, and if so, state whether you were plaintiff (claimant) or defendant, the nature of the action, and the date and tribunal in which such suit or proceeding was filed.

13.     Identify sufficiently to enable discovery, the date, method and substance of any written or oral notice defendant received of the incident which is the subject matter of this action. Attach a copy of any accident report form made in the normal course of business.

14.     Identify the owners and lessees of the premises at the time of the incident, giving the name and current address of each and state the date of incorporation, if applicable.

15.     Give the full name and current address of both those persons who were responsible for management or control of the premises at the time of the incident complained of and those who currently have custody of any records relating to management of the premises at such time.

16.     Describe the location where the Plaintiff was injured including the name or designation, the flooring or surface material, the lighting, physical dimensions and last material repairs or renovations prior to the incident, including, but not limited to the area where the Plaintiff fell.

17.     State the date and nature of any complaint, warning or other notice defendant or defendant's agents received concerning a dangerous or defective condition or foreign object at the location of the incident prior thereto. Attach a copy of any written complaint, warning or other notice.

18.     Identify the date, method and personnel making an inspection which took place prior to the incident to determine whether the area, when Plaintiff was injured, was in a safe condition.

19.     Identify the date, names and current addresses of persons and the findings of any inspections made of the location subsequent to the incident. This specifically includes but is not limited to a description of any transient foreign substance located near where Plaintiff fell or any other possible cause of Plaintiff's fall as alleged in the Complaint including but not limited to its size, color, consistency, texture, possible source(s) and common name or description.

20.     Describe any markings at the area and any warnings to the Plaintiff including the date, nature and persons who made them.

21.     For each safety device, including but not limited to cones, garbage cans, barrier, and non-skid surface, in use at the time of the incident, state its descriptions, location and purpose. Please include when such device(s) were installed and who installed them.

22.     Describe all maintenance procedures and identify the maintenance contractor or in-house maintenance supervisor at the time of the incident.

23.     For each repair, replacement, alternation or safety precaution made subsequent to and in the area of the alleged incident, state the date, description, reasons and name, current address and occupation of the person who made it.

24.     Give a concise statement of the facts as to how you contend the Plaintiff's accident took place, including why you think the Plaintiff fell, and any act or omissions on the part of the Plaintiff which you contend contributed to cause the accident.

25.     Please list the names, addresses and employees of all persons who were present on March 28, 2017 at the time of the incident at the property where the subject incident took place, whether they witnessed the incident or not, including the individual who were at the premises of Defendant **COSTCO WHOLESALE CORPORATION**.

26.     Please state the name and address of the person or persons with the most knowledge of all persons employed by Defendant **COSTCO WHOLESALE CORPORATION**, who may have been at the subject property where the incident described in the complaint occurred on March 28, 2017.

27.     For each prior accident which occurred, or had been alleged to have occurred on your premises in the same area as or in similar manner to the incident (slip/trip, fall-down incidents), state information sufficient to identify it, such as date, name and last known address of persons involved, description of incident, and identify and related lawsuit.

28.     Is the Defendant properly named in the Complaint?

a.   If you answer is no, please state the exact name of the Defendant as it should appear in the Complaint. (This question is being asked simply to name the Defendant properly in the Complaint and is in no way asking the Defendant to admit negligence or imply that the Defendant is negligent).

29.     For each matter in Plaintiff's Request for Admissions served concurrently herewith, except those to which you responded with an unequivocal admission, please state each and every

fact upon which you base said response, identify each and every writing, document, recording, photograph or other tangible thing, that you contend supports said response, and identify each and every person that you contend has knowledge of any fact on which you contend supports said response and set forth each person's last known address and telephone number.

30.     Are you aware of any incident other than the accident that is the subject of this litigation in which the Plaintiff was or might have been injured? If yes, please state the nature, date(s) and place(s) of all such incidents, the injuries allegedly sustained therein, the names and addresses of all witnesses with any knowledge concerning each such incident, and describe with particularity any and all records, documents or things in your possession or control that relate or refer to each such incident.

_____
Authorized Representative for
**COSTCO WHOLESALE
CORPORATION**

STATE OF FLORIDA     )
                      ) ss.
COUNTY OF _____)

       BEFORE ME personally appeared _____ who after being

duly sworn says that the above and foregoing Answers to Interrogatories are true and correct.

       The foregoing instrument was acknowledged before me this ___ day of _____,

2021, by _____, who is personally known to me or who has

produced the following identification _____, as identification and

who did not take an oath.

_____
NOTARY PUBLIC

Print Name: _____

My Commission expires:

Filing # 122509711 E-Filed 03/04/2021 02:05:54 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR   MIAMI-DADE   COUNTY,
FLORIDA

**BRITTNEY SCOTT**,                                   CASE NO:

     Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION**,

     Defendant.

_____/

## REQUEST FOR ADMISSIONS

     **COMES NOW** the Plaintiff, **BRITTNEY SCOTT**, by and through the undersigned

counsel, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and hereby requests that

Defendant, **COSTCO WHOLESALE CORPORATION**, admit or deny the truth of the

following statement(s), considering that these requests are intended to limit the issues at trial and

should the Plaintiff prove any statement stated below not admitted by the Defendant, that the

Plaintiff shall seek attorneys fees and costs incurred in proving the statement, and further

recognizing that a response is due within forty five (45) days of the propounding of these requests

as certified in the certificate of service as indicated below and the failure of Defendant to make a

response within forty five (45) days of the propounding of these requests shall entitle the Plaintiff

to deem the statements admitted. The definition of "subject incident" is the accident that is

described in the current complaint filed by the Plaintiff. "You" means the Defendant, its agents

and employees. THEREUPON, do you ADMIT or DENY:

    1.     You were properly named in the Complaint.

    2.     Venue is appropriate.

3.      The Court has jurisdiction over the parties.

4.      You are the appropriate party to the case based on the allegations contained in the Complaint.

5.      The Plaintiff, **BRITTNEY SCOTT**, herein was not negligent in causing the incident alleged in the Complaint.

6.      That Plaintiff, **BRITTNEY SCOTT**, suffered a permanent injury as a result of the incident which is the subject of this lawsuit.

7.      That the Plaintiff, **BRITTNEY SCOTT**, was injured in the incident which is the subject of this lawsuit.

8.      You owed a duty of reasonable care to maintain your premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury or damage.

9.      On or about March 28, 2017, the Plaintiff, **BRITTNEY SCOTT**, was your business invitee at your premises located at 14585 Biscayne Blvd, North Miami, FL 33181.

10.     Plaintiff, **BRITTNEY SCOTT**, fell on or about March 28, 2017 on your premises.

11.     You did not conduct regular inspections of your premises.

12.     You did not conduct inspections of your premises more frequently than every hour.

13.     You did not conduct inspections of your premises more frequently than every half-hour.

14.     You did not conduct inspections of your premises more frequently than every 10 minutes.

15.     The condition set forth in the Complaint to wit: the transient foreign substance on the floor of your store, was created as a result of your acts and/or omissions.

16.     You allowed a transient foreign substance to exist on your premises so that Plaintiff fell.

17.     The negligent conditions were known to you or had existed for a sufficient length of time so that defendant should have known of them.

18.     You failed to warn Plaintiff, **BRITTNEY SCOTT**, of the aforesaid, dangerous and unsafe conditions.

19.     You did not provide any warnings to Plaintiff, **BRITTNEY SCOTT**, with respect to any conditions on your premises on March 28, 2017.

20.     A transient foreign substance was on the floor or your premises near the area where Plaintiff fell within the minute before he contends that she fell.

21.     A transient foreign substance was on the floor or your premises near the area where Plaintiff fell after he contends that she fell.

22.     You cleaned up a transient foreign substance after Plaintiff contends he fell.

23.     On the date and at the time of the incident alleged in the Complaint, Plaintiff, **BRITTNEY SCOTT**, fell as a result of a transient foreign substance.

24.     At the date and time of the incident alleged in the Complaint, there was a recording device, whether still or showing motion, capable of visually reproducing the location of the incident alleged in the complaint.

25.     You have a visual recording, whether still or showing motion, of Plaintiff, **BRITTNEY SCOTT**, on the date and time of the incident alleged in the Complaint.

26.     You have a visual recording, whether still or showing motion, of Plaintiff, **BRITTNEY SCOTT**, after the day of the incident alleged in the Complaint.

27.     All recordings of the Plaintiff made by you, if any, remain available to you.

28.     Plaintiff incurred medical expenses as a result of the fall which is the subject of this lawsuit.

29.     You are not being defended in this case pursuant to a reservation of rights

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along

with the Summons and complaint on the Defendant.

FENSTERSHEIB LAW GROUP, P.A.
*Counsel for Plaintiff*
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844

/s/ **Michael J. Lariosa**
Michael J. Lariosa, Esq.
Florida Bar No: 98644
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: MJL@fenstersheib.com
Secondary: MJL-pleadings@fenstersheib.com

Filing # 122509711 E-Filed 03/04/2021 02:05:54 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR    MIAMI-DADE    COUNTY,
FLORIDA

**BRITTNEY SCOTT,**                                   CASE NO:

      Plaintiff,

v.

**COSTCO WHOLESALE CORPORATION,**

      Defendant.

_____/

## REQUEST FOR PRODUCTION TO DEFENDANT COSTCO WHOLESALE CORPORATION

**COMES NOW** the Plaintiff, **BRITTNEY SCOTT**, by and through their undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, and hereby propounds upon Defendant, **COSTCO WHOLESALE CORPORATION**, the instant Request for Production as follows:

    1.    Any and all policies of insurance, including any and all primary, umbrella and excess policies, which cover or may cover the Defendant or Plaintiff for any or all of the allegations set forth in the Complaint filed in this case.

    2.    All insurance policies in full force and effect on the date of the accident, incident or event that is the subject matter of this lawsuit under which the Plaintiff(s) is or might be eligible to receive, medical, health, hospital, accident, disability, sickness, social security, worker's compensation, income disability, wage continuation and/or other similar benefits.

    3.    Any and all writings, recordings, tapes, videos, records, memoranda, notes, or other material in the care, custody, possession or control of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees reflecting statements, including but

not limited to those described in Fla. R. Civ. P 1.280, made by the Plaintiff or Plaintiff's employees or agents regarding any of the issues in this case.

4.      Any and all writings, records, memoranda, notes, or other material in the care, custody, possession or control of the Defendant(s) or the Defendant(s) attorneys, investigators, agents, representatives, servants or employees reflecting statements, including but not limited to those described in Fla. R. Civ. P 1.280, made by any and all witnesses regarding any of the issues in this case.

5.      Any and all photographs taken by or on behalf of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees which are in any manner related to the subject matter of this lawsuit. This request includes, but is not limited to, any and all photographs depicting the scene of the incident or event that is the subject matter of this lawsuit, and photographs taken of the Plaintiff. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape, then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

6.      Any and all movies, motion pictures, videotapes or reproductions of the accident, incident or event that is the subject matter of this lawsuit taken by or on behalf of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees which are in any manner related to the subject matter of this lawsuit. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape, then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

7.       Any and all movies, motion pictures, videotapes or reproductions taken at, on, near, from, around, or inside the premises set forth in the Complaint from two hours before to two hours after the accident, incident or event that is the subject matter of this lawsuit. This request specifically includes all recordings of your store and premises video recording system and requests the highest possible resolution and individual camera recordings as well as multiple cameras on a single screen. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape, then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

8.       Your policies, procedures, guidelines, equipment manuals and all other documentation regarding your video recording system, your use thereof and the preservation and retention of images recorded thereon.

9.       Any and all photographs, movies, motion pictures, slides, films, videotapes, audiotapes, records, reports and other writings or recorded representations relating in any way to any surveillance conducted on the Plaintiff by the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape. then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

10.      Any charts, drawings, graphs, diagrams or other documentary evidence involving the subject matter of this lawsuit which are expected to be offered as evidence at the time of trial.

11.      Any and all medical records, reports, opinions, or other writings in the care, custody, possession or control of the Defendant or the Defendant's attorneys, investigators, agents,

representatives, servants or employees, received from doctors, physicians, nurses, other health care providers or anyone else who saw, examined, or rendered care or treatment to the Plaintiff(s) or from any hospitals where the Plaintiff(s) was/were seen, examined or treated for injuries or conditions that were or may have been sustained as a result of the accident, incident or event that is the subject of this lawsuit. This request does not include any records provided directly from Plaintiff.

12.     Any and all other medical reports, opinions, or other writings in the care, custody, possession or control of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees, from doctors, physicians, nurses, other health care providers or anyone else who saw, examined, or rendered care or treatment to the Plaintiff(s) or from any hospitals where the Plaintiff(s) was/were seen, examined or treated for injuries or conditions not related to the accident, incident or event that is the subject of this lawsuit. This request does not include any records provided directly from Plaintiff.

13.     Any and all reports prepared by experts who are expected to testify at the trial of this cause.

14.     For each expert whom you expect to call as an expert witness at the trial of this cause, copies of any and all factual information or data supplied to or relied upon by the expert, copies of any and all textual material, including, but not limited to, treatises, periodicals, books, dissertations, pamphlets, journals and other writings on which the expert will or is anticipated to rely or which the expert alleges supports any of his or her opinions, copies of any and all statutes, ordinances, codes, safety manuals, regulations, or other standards on which the expert will or is anticipated to rely, and copies of any and all records, evaluations, charts, graphs, photographs, movies. Motion pictures, slides, films, videotapes, audiotapes, reconstructions and other writings or recorded representations prepared or generated by or on behalf of the expert that relate in any way to the preparation or formulation of any of his or her opinions in this case, including but not

limited to all books, manuals, texts or other written or recorded materials referenced by you for the formulation of this opinion.

15.    Any and all contracts, leases, agreements or other writings relating in any way to any ownership interest in or right to control the property or any part thereof at the time of the incident or event that is the subject matter of this lawsuit by anyone other than the Defendant(s). This request includes any such documents related to the use of the property by any person or entity including but not limited to: food, beverage and other concessions.

16.    The maintenance, repair, housekeeping, janitorial and inspection records related to the area involved in the incident or any part thereof alleged herein from four years prior to the incident through one year following the incident.

17.    The maintenance, repair, housekeeping, janitorial and inspection records related to the premises from four years prior to the incident through one year following the incident.

18.    Documentation of any spot-check inspections irrespective of by whom it was done within three years before the date of the incident alleged in the Complaint to present.

19.    Any document regarding the inspection of the premises generally applicable within three years before the date of the incident alleged in the Complaint to present.

20.    Documentation of any inspections made of the location subsequent to the incident.

21.    Documentation of any inspections made of the location at the time of the incident.

22.    All documents pertaining to contractor(s) who performed, should perform or may perform maintenance, repair or inspections during the year of the incident.

23.    Any and all accident reports and/or incident reports relating in any way to the accident, incident or event that is the subject matter of this lawsuit.

24.    Any and all repair bills, contracts, estimates, and invoices and similar documentation relating to the Defendant **COSTCO WHOLESALE CORPORATION** for the four (4) years preceding the incident or one year subsequent to the incident to correct the defect that caused the incident that is the subject matter of this lawsuit.

25.     Any citations and other reports or evidence of charges of any violation of law or code violations etc. the Defendants received as a result of the incident or event that is the subject matter of this lawsuit.

26.     All records, reports, forms or other written evidence of the disposition of any citations or charges of any violation of law or any code violation the Defendant received as a result of the accident, incident or event that is the subject matter of this lawsuit.

27.     Any and all claims indexes or similar documents relating to Plaintiffs accident and claims history.

28.     All written notices or correspondence of any alleged fall-down, trip/slip or fall incidents at this same location for the preceding four (4) years prior to this incident at issue.

29.     Any charts, drawings, graphs, blueprints, sketches, schematics, diagrams, planograms, or other documentary evidence involving the layout of your premises as alleged in the complaint during the month of the incident.

30.     Any documentation of the charges, fees, rebates or similar financial arrangements regarding the location of items on store shelves or displays within a 50 feet walk of the location of the incident alleged in the Complaint in effect during the month of the incident.

31.     Any and all repair bills, contracts, estimates, and invoices and similar documentation relating to the Defendant's premises for the four (4) years preceding the incident or one year subsequent to the incident to correct the defect that caused the incident that is the subject matter of this lawsuit.

32.     Any and all agreements the Defendant(s) has/have made with anyone that would limit that party's liability to anyone for any of the damages in this case.

33.     Any document regarding the design or layout of any properties/stores applicable within three years before the date of the incident alleged in the Complaint to present.

34.     All documents to any third party regarding or putting any third party on notice of any claims made by Plaintiff, whether indemnity or defense is sought or not.

35. All documents describing or related to any other slip and falls on transient foreign substances in the premises within three years before the date of the incident alleged in the Complaint to present.

36. All documents describing or related to any other slip and falls on transient foreign substances in any of your premises applicable within three years before the date of the incident alleged in the Complaint to present.

37. Job descriptions for each and every employee from District Manager down that worked in or supervised the premises from four years before the incident alleged in the Complaint to present.

38. Documents illustrating any safety devices available to employees in any of your properties, including but not limited to: warning devices, signs, cones, tapes, barricades, garbage cans, barriers, mats, and non-skid surfaces.

39. Any documents from third-parties regarding the design, layout, and compliance with any design, layout or instructions regarding same.

40. All documents pertaining to any bonus, incentive, compensation, benefit, penalty, disincentive, accident, claim, risk management or similar program related to citations, infractions, accidents or similar incidents at your company.

41. Any and all pleadings and discovery from any other lawsuit where you have been a defendant other than the present matter and which involved allegation of a fall involving the same or similar circumstances as alleged in the Complaint.

42. Any and all pleadings and discovery from any other lawsuit where you have been a defendant other than the present matter and which involved allegation of a slip and fall on a transient foreign substance in your premises within the past five years.

43. A company organizational flow chart.

44.     Any documents identifying or specifying the flooring or surface material in the area of the incident, as well as the lighting, physical dimensions and last material repairs or renovations prior to the incident.

45.     Any documents identifying or specifying the lighting in the area of the incident.

46.     Any documents identifying or specifying the physical dimensions of the area of the incident.

47.     Any documents of the last repairs and renovations prior to the incident in the area of the incident

48.     All manuals, videos, books, binders, charts, policies, procedures, rules, regulations, laws, suggestions, guidelines or similar direction relating to:

    a.   Employee Training

    b.   Safety

    c.   Incident Investigation

    d.   Lighting

    e.   Property Layout & Design

    f.   Inspections

    g.   Maintenance or Repair

    h.   Janitorial or Cleaning

    i.   Shrinkage

49.     Any documentation of any employee meetings in the premises for the full or partial purpose of safety, including schedules, certificates of attendance, list of employees (attendance sheets), and material provided, covered or used in preparation therefore.

50.     Documentation of the proper legal name for the entity alleged in the Complaint, if not properly alleged.

51.     Any document you rely upon to support your denial of any Request for Admissions.

52.     Any and all accident reports, photographs, repair bills, estimates, medical bills and/or records, hospital bills and/or records, ambulance/fire department bills and/or records, CME/IME reports, recorded statements, and correspondence that relate or refer to any incident other than the subject collision, in which you contend that the plaintiff, was or might possibly have sustained personal injuries and/or property damage.

53.     Personnel files of each and every employee with knowledge of the incident alleged in the Complaint.

54.     Personnel files of each and every employee who worked on the day of the incident alleged in the Complaint and who had any responsibility for the area, department or departments where Plaintiff was allegedly injured.

55.     Personnel files of each and every employee who worked on the day of the incident alleged in the Complaint and who had any responsibility for the inspection of the area where Plaintiff was allegedly injured.

56.     Personnel files of each and every employee who worked on the day of the incident alleged in the Complaint and who had any responsibility for the maintenance of the area where Plaintiff was allegedly injured. This request includes maintenance in its broadest possible sense including: restocking, refreshing, and organizing in addition to cleaning, repairs and related maintenance.

57.     Time slips, punch cards and any other document pertaining to the hours worked by employees in the premises alleged in the Complaint during the seven days before and after the incident alleged in the Complaint. This should include the employees' names and departments or job codes.

58.     Invoices, contracts, and estimates for the painting work done to the area which would include the walkway where the incident occurred for the 5 years before the incident.

59.     Invoices, contracts, and estimates for the cleaning work to the area which would include the walkway where the incident occurred for the 5 years before the incident.

60.     Contracts for the painting work done to the area which would include the walkway where the incident occurred for the 5 years before the incident.

61.     Contracts for the cleaning work to the area which would include the walkway where the incident occurred for the 5 years before the incident.

62.     Invoices, contracts, and estimates for the paint that was used to paint the area which would include the walkway where the incident occurred for the 5 years before the incident.

63.     Inspection schedules for the area which would include the walkway where the incident occurred for the 5 years before the incident.

64.     Logs which would document maintenance performed on the walkway where the incident occurred for the 5 years before the incident.

65.     Logs which would document painting work performed the walkway where the incident occurred for the 5 years before the incident.

66.     Logs which would document the cleaning of walkway where the incident occurred for the 5 years before the incident.

67.     Written requests from Defendant or its affiliated companies for any maintenance work to the area which would include the walkway where the incident occurred for the 5 years before the incident. This request contemplates requests made to the property owner.

68.     Written requests from Defendant or its affiliated companies for any painting work to the area which would include the walkway where the incident occurred, for the 5 years before the incident. This request contemplates requests made to the property owner.

69.     Any and all documentation of bonuses, incentive compensation or similar programs for managers or employees of Defendant **COSTCO WHOLESALE Corporation** that are in any way related to the outcome of this case or any other profit or loss.

70.     Any document permitting, authorizing, allowing or requiring any person or entity to act on behalf of Defendant in effect at the time of the incident alleged in the Complaint in connection with the maintenance, repair, or modification of said premises, including but not

limited to incurring expenses or debts related thereto. This request includes but is not limited to any rules, regulations. Bylaws, declarations, articles, power, job description, etc.

71.    Any document permitting, authorizing, allowing or requiring any person or entity to act on behalf of Defendant in effect at the time of any prior modifications or changes to the premises at or near where the incident took place within the past ten years, if any. This request includes but is not limited to any rules, regulations. bylaws, declarations. articles, power, job description, etc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along with the Summons and complaint on the Defendant.

> **FENSTERSHEIB LAW GROUP, P.A.**
> *Counsel for Plaintiff*
> 520 West Hallandale Beach Blvd.
> Hallandale Beach, Florida 33009
> Telephone:  (954) 456-2488
> Facsimile:  (954) 867-1844
>
> /s/ **Michael J. Lariosa**
> Michael J. Lariosa, Esq.
> Florida Bar No: 98644
> **Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
> Primary: MJL@fenstersheib.com
> Secondary: MJL-pleadings@fenstersheib.com